UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
KELLYANN McKENZIE,

               Plaintiff,                      **MEMORANDUM & ORDER**

     -against-                       24-CV-6730 (NRM) (LB)

CRAIG BROWN,

               Defendant.
--------------------------------------------------------------X
NINA R. MORRISON, United States District Judge:

     Plaintiff Kellyann McKenzie ("Plaintiff"), proceeding *pro se*, commenced this civil action on August 30, 2024 in the United States District Court for the Southern District of New York. Compl., ECF No. 1. The action was transferred to this Court on September 12, 2024. Transfer Order, ECF No. 5. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted for the limited purpose of this Order. IFP Appl., ECF No. 2. For the reasons set forth below, if Plaintiff wishes to proceed with this action, she is directed to file an amended complaint within 30 days of the date of this Order.

## BACKGROUND

     The Complaint is filed on a form complaint for civil actions. Compl. In the space to provide a basis for the federal courts' jurisdiction, Plaintiff checks the box for Diversity of Citizenship and asserts that she is a citizen of Massachusetts while Defendant is a citizen of New York. *Id.* at 2–3. Plaintiff asserts that Defendant Craig Brown is the father of her daughter. *Id.* at 5. She asserts that when she informed Brown that she was pregnant and asked him for food expenses, he refused to assist her and threatened to notify the authorities if she returned to his home. *Id.* at 6. Plaintiff additionally claims that Defendant told her to obtain an abortion and

abandoned her through eight months of her pregnancy. *Id.* at 7. She states that she gave birth to K.M. in 2013 and that no father was listed on the birth certificate. *Id.*

After giving birth, Plaintiff asserts that Defendant began to provide some items needed for K.M., but abandoned her again when Plaintiff did not show an interest in him. *Id.* When Plaintiff sought child support from Defendant, *id.* at 7, the Queens County Family Court ordered a DNA test, which "showed Defendant as the father and Defendant began to pay child support." *Id.* at 8. Plaintiff alleges that Defendant caused her "bodily harm," *id.* at 2, when he "chok[ed] [her] in her room and threaten[ed] her that she was not to leave with the child." *Id.* at 8.

Plaintiff also claims that Defendant began a relationship with Plaintiff's mother and that "the two brought Plaintiff to court," challenging Plaintiff's sole custody of her daughter and "add[ing] Defendant's name to the birth certificate." *Id.* She asserts that her mother interfered with Plaintiff's subsequent relationship with her new boyfriend in order to bring Plaintiff and Defendant back together. *Id.* at 8–9.

Plaintiff alleges that Defendant's actions aggravated her bipolar disorder and caused psychological trauma and emotional distress. *Id.* at 6. She seeks $250,000 in damages. *Id.*

On June 14, 2023, Plaintiff filed a prior action also naming Craig Brown as a Defendant and raising the same allegations. *McKenzie v. Brown*, No. 23-cv-4556, 2023 WL 4665802, at *1 (E.D.N.Y. July 20, 2023). In that action, Plaintiff alleged that both Plaintiff and Defendant were citizens of New York. *Id.* at *1–2. In her Amended Complaint filed June 26, 2023, she claimed that the case presented a

federal question and alleged intentional infliction of emotional distress. *Id.* at \*1. Since that is a state law claim that does not implicate any federal law or right, the Court dismissed the action for lack of subject matter jurisdiction. *Id.* at \*2. The Court found that since both Plaintiff and Defendant were alleged to be citizens of New York State, Plaintiff could not alternatively rely on diversity of citizenship to assert federal jurisdiction over this potential state law claim. *Id.*

## STANDARD OF REVIEW

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009)). A complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The party bringing the action must also demonstrate that the court has subject matter jurisdiction over the action. "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000); *see* Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal

question" is presented, 28 U.S.C. § 1331, or when a plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.

If diversity jurisdiction is the theory of subject matter jurisdiction upon which a party relies, that party "has the burden of proving that it appears to a 'reasonable probability'" that the plaintiff actually could obtain damages greater than $75,000. *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank & Tr. Co. of Chi.*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)); *see also Tongkook*, 14 F.3d at 784 ("[W]ith mounting federal case loads, . . . it has become doubly important that the district courts take measures to discover those suits which do not belong in a federal court and to dismiss them when the court is convinced to a legal certainty that the plaintiff cannot recover an amount in excess of the minimum statutory jurisdictional amount." (alterations omitted) (quoting *Deutsch v. Hewes St. Realty Corp.*, 359 F.2d 96, 98 (2d Cir. 1966))).

## DISCUSSION

Both the prior action and the instant action allege intentional infliction of emotional distress, which is a potential state-law claim that does not invoke federal question jurisdiction. Now that Plaintiff claims to reside in a different state from Defendant, the Court must consider whether it has diversity jurisdiction over this claim. Plaintiff seeks $250,000 in damages, which exceeds the $75,000 statutory amount for diversity jurisdiction. However, she has not indicated the basis for this claim and this amount of damages. Under New York state law, "intentional infliction of emotional distress has four elements: (1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct

4

and the injury, and (4) severe emotional distress." *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996). Alternatively, to state a claim for negligent infliction of emotional distress, a plaintiff must plead a "breach of a duty owed to [the] plaintiff which exposes him or her to an unreasonable risk of bodily injury or death." *Castanza v. Town of Brookhaven*, 700 F. Supp. 2d 277, 293 (E.D.N.Y. 2010); *see also Calicchio v. Sachem Cent. Sch. Dist.*, 185 F. Supp. 3d 303, 314 (E.D.N.Y. 2016) ("Extreme and outrageous conduct is also an element of negligent infliction of emotional distress."). Here, the Court is not satisfied that it is "reasonably probable" that Plaintiff can recover more than $75,000 in connection with either claim of intentional or negligent infliction of emotional distress.

"[B]efore determining that the amount in controversy requirement has not been met, the court must afford the plaintiff an appropriate and reasonable opportunity to show good faith in believing that a recovery in excess of the jurisdictional amount is reasonably possible." *Chase Manhattan Bank*, 93 F.3d 1064, 1070 (2d Cir. 1996) (internal quotation marks and alterations omitted). Accordingly, the Court will allow Plaintiff an opportunity to explain how her claim for money damages is worth more than $75,000. *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) ("A *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (internal quotation marks and alterations omitted)).

Should she wish to proceed with this lawsuit, Plaintiff must file an amended complaint that asserts a basis for damages in excess of $75,000 such that jurisdiction

under 28 U.S.C. § 1332 would be proper.  Plaintiff is reminded that an amended complaint completely replaces the original, so Plaintiff must include in the amended complaint all the necessary information to support her claims.  The amended complaint should be captioned "Amended Complaint" and bear the same docket number as this Order.

## CONCLUSION

Accordingly, Plaintiff's Complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3). However, Plaintiff is directed to file an amended complaint as described in this Order. All further proceedings shall be stayed for 30 days.  If Plaintiff fails to file an amended complaint within the time allowed or fails to assert facts to support the Court's subject matter jurisdiction, the Clerk of Court shall be directed to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and to note the mailing on the docket.

Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 to make an appointment for free, confidential, limited-scope legal assistance at the Brooklyn Federal Courthouse.

SO ORDERED.

_/s/ Nina R. Morrison_
NINA R. MORRISON
United States District Judge

Dated:        October 31, 2024
              Brooklyn, New York